## City Hospital Association.

*Corporations of first class—Merger—Transfer of property and franchises to another hospital—Act of April 17, 1876.*

A corporation of the first class owning and operating a hospital has no power to sell, assign and transfer all of its property and franchises to another hospital and merge itself therein, without complying with the provisions of the Act of April 17, 1876, P. L. 30.

Attorney-General's Department. Opinion to Hon. Samuel S. Lewis, Auditor General.

. HULL, Dep. Att'y-Gen., Jan. 6, 1922.—I have received your letter to which are attached certain papers relating to the City Hospital Association of Washington, Pa., which papers I am returning herewith.

The legislature, by Act No. 116-A, approved May 27, 1921, appropriated the sum of $10,000, or so much thereof as may be necessary, to the City Hospital, Washington, Pa., or its successor.

It appears from the papers enclosed that on July 12, 1921, at a meeting of the Board of Directors of the City Hospital, Washington, Pa., resolutions were passed providing for the sale, assignment and transfer to the Washington Hospital of all the property, real, personal and mixed, and of all the rights, privileges and franchises of the City Hospital. Pursuant to the resolutions thus passed by the directors, a meeting of the incorporators of the City Hospital was held, and at this meeting a majority of the incorporators unanimously approved a similar resolution. Subsequently, on Nov. 15, 1921, the officers of the corporation executed a deed conveying the property and franchises of the City Hospital to the Washington Hospital, which deed was on Nov. 23, 1921, recorded in the Recorder's Office of Washington County. The Washington Hospital now requests you to pay to it the appropriation made by Act No. 116-A, and you inquire whether this should be done.

The appropriation is made to the City Hospital *"or its successor."* The question is, therefore, whether the Washington Hospital is the legal successor of the City Hospital.

Under the provisions of section 23 of the Act of April 29, 1874, P. L. 73, as amended by Act of April 17, 1876, § 5, P. L. 30, and Act of June 2, 1915, § 1, P. L. 724, when a corporation sells, assigns and disposes of or conveys to another in the manner provided for in the act its franchises and all its property, the vendor corporation ceases to exist, and the vendee corporation becomes its successor. This provision, however, is clearly applicable only to corporations of the second class, *i. e.*, corporations for profit, and I can find no similar provision in the law relating to the sale of the property and franchises of a corporation not for profit. It appears that the only way in which such corporations may merge or consolidate so that the one may become a legal successor to the other is under the provisions of section 12 of the Act

City Hospital Association.

of April 17, 1876, P. L. 30, which is an amendment of section 42 of the Corporation Act of 1874. This section provides, in part, as follows: "If any two or more such corporations (corporations not for profit) shall desire to consolidate and merge with each other, or one or more within the other, upon application to the Court of Common Pleas of the county in which the corporation is situated, into which the one or more desire to merge or become consolidated with, the same proceedings shall take place as are required on an application to amend; and upon decree being made by said court, and the same being recorded in said county, upon the terms specified in said application, the said corporations, with all their rights, privileges, franchises, powers and liabilities, shall merge and be consolidated into, by the name, style and title given to the same in such decree, and upon the terms, limitations and with the powers stated and conferred in said application and decree."

It does not appear that the directors and incorporators of the City Hospital have taken the necessary legal steps to constitute the Washington Hospital its legal successor, and, accordingly, you would not be justified in making payment of the appropriation to the Washington Hospital until this has been done.

From Guy H. Davies, Harrisburg, Pa.